IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARTIN SEBASTIAN MARTINEZ,** | § | |
| *doing business as* **Cosmo Universal Art,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:10-CV-2127-B (BK)** |
| | § | |
| **ENRIQUE MORALES, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening.

**I. PROCEDURAL HISTORY**

Plaintiff, a Dallas resident, filed this *pro se, in forma pauperis* action alleging copyright infringement against Enrique Morales and Adriana Hernandez. The court did not issue process pending preliminary screening.

On October 22, 2010, the Court issued a deficiency order notifying Plaintiff that the complaint did not comply with FED. R. CIV. P. 8(a), and that the *in forma pauperis* (IFP) motion was insufficient. With respect to the latter, the Court ordered Plaintiff to complete and file a detailed financial affidavit, unless he paid the filing fee of $350. The order directed Plaintiff to cure each deficiency within thirty days and cautioned that failure to comply would result in a recommendation that the complaint be dismissed for failure to prosecute. As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order. While he filed two

affidavits affirming that the complaint was served on Defendant (*See* Doc. #5 and #6), any service of process is premature in this case until the Court has ruled on the motion to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.

## II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to comply with the deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

---

[1] It is unclear from the *pro se* complaint when Plaintiff's claims accrued for purposes of the statute of limitations. Thus, the court need not apply the higher standard for dismissal with prejudice for want of prosecution. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) be **DENIED** as moot.

SIGNED December 6, 2010.


_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE